UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANNE M. ICKES,

        Plaintiff,

                              Case No. 13-14260
  v.                        HON. TERRENCE G. BERG

NEXCARE HEALTH SYSTEMS, L.L.C.,

        Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND
COMPLAINT (DKT. 26)**

Before the Court is Plaintiff Joanne Ickes's motion for leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15 (Dkt. 26) filed on November 19, 2014.  Plaintiff seeks leave to add South Lyon as an additional defendant.  The Court took this motion under advisement without oral argument under Eastern District of Michigan Local Rule 7.1(f)(2) on March 5, 2015.  For the reasons explained below, Plaintiff's motion for leave to amend her complaint will be **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff worked for Integrity Rehab Services ("Integrity"), a non-party entity, at the South Lyon Senior Care and Rehabilitation Center ("SLSCRC") as a physical therapist from 2006 until her termination in January 2013.  (Dkt. 1, p. 1.)  Defendant NexCare managed SLSCRC and proposed defendant South Lyon owned

SLSCRC. (*See* Dkt. 28, p. 4.) According to the Complaint, in the course of her employment, Plaintiff became aware that SLSCRC had adopted a new policy of discharging patients when their insurance changed from more lucrative to less lucrative sources. (Dkt. 1, p. 3.)

Plaintiff believed that this policy violated the law and expressed her concerns with SLSCRC staff. In July 2012, Plaintiff contacted her direct supervisor Barb Sturtevant, an Integrity employee, to discuss this practice. (Dkt. 1, p. 3.) When the meeting with Sturtevant failed to resolve the problem, Plaintiff met with Patricia Milgrom, Chief Operating Officer and President of Integrity, on August 3, 2012. Plaintiff followed up with Milgrom on August 24, 2012 and was told to speak with South Lyon Administrator Michelle "Shelly" Berryman.[1] (Dkt. 1, p. 4.)

Plaintiff met with Berryman on September 4 and September 5, 2012. At the meetings, Berryman allegedly assured Plaintiff that SLSCRC would no longer discharge patients based on the type of insurance they carried. (Dkt. 29, Ex. C.) Based on this representation, Plaintiff emailed Milgrom informing her that she would not contact the NexCare Compliance Committee regarding her concerns. (*Id.*) Milgrom later forwarded this email from Plaintiff to Berryman among others. (*Id.*)

Months later, in early January 2013, Plaintiff discovered that the allegedly improper discharge policy continued after a patient's family was told that there were no long-term beds available. (Dkt. 1, p. 4.) Berryman then called a meeting

---

[1] Milgrom stated that she hoped the meeting with Berryman would make everything clear for Plaintiff. (Dkt. 29, Ex. A.)

with the therapy staff and instructed the therapists to refrain from speaking to patients about whether they could continue to stay at the facility. (*Id.*) Later that day, Berryman emailed Milgrom to relay what happened at the meeting, stating that she "explained that if [the therapists] continue to promise this to all of our short term people, they will be out of a job…" (Dkt. 29, Ex. D.) Berryman also stated that she had spoken with Plaintiff and told her that "she needs to get on board with the direction we are going [in]…and if she does not agree…she needs to find another facility to work in." (*Id.*)

The next day, Milgrom suspended Plaintiff. (*Id.*) Milgrom conveyed this to Berryman and told her that she would meet with Barb Sturtevant to "take our next steps." (*Id.*) Milgrom also indicated she would address the staff along with Berryman in the coming week. (*Id.*) Plaintiff was terminated on or about January 16, 2013. (Dkt. 29, p. 1.) Sturtevant and Cheryl Rankin, both Integrity employees, were the only ones who signed Plaintiff's termination agreement. (Dkt. 29, Ex. C.)

On October 7, 2013, Plaintiff brought suit against NexCare on two counts: (1) retaliation in violation of the False Claims Act and (2) tortious interference with a business relationship. At the time, Plaintiff was unaware that Berryman was an employee of South Lyon. (Dkt. 26, p. 4.)

Plaintiff filed this instant motion on November 19, 2014 seeking to add South Lyon as a defendant in this action on both counts. (Dkt. 28.) According to Plaintiff, Defense counsel has stated that they will represent South Lyon and Ms. Berryman should Plaintiff's motion be granted. (Dkt. 28, p. 8.) At the time Plaintiff filed this

3

motion, no depositions had been taken. Pursuant to the Court's scheduling order, discovery was due on March 31, 2015 and the matter is set for trial on October 5, 2015. (Dkt. 22.)

## II. ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 15(a)(2), a party who can no longer amend its complaint as of right "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Granting a motion for leave to amend the complaint is a matter "within the discretion of the District Court." *Forman v. Davis*, 371 U.S. 178, 182 (1982). Though discretionary, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith…undue prejudice to the opposing party by virtue of allowance of the amendment…the leave sought should, as the rule requires, be 'freely given.'" *Id.*

Further, the Sixth Circuit has emphasized "that the case law in this Circuit manifests liberality in allowing amendments to complaints." *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) (internal quotation marks omitted). This is because the "thrust of the provision is to reinforce the principle that cases should be tried on their merits rather than on the technicalities of the pleadings." *Id.* (internal quotation marks omitted).

## B. Plaintiff's Motion to Amend is Granted because it will not Cause Undue Prejudice or Result in Futility.

As described above, a court may deny a motion to amend a complaint if the amendment would unduly prejudice the opposing party or if the amendment would be futile. *Forman*, 371 U. S. at 182. Defendant claims that allowing Plaintiff to amend her complaint would be unduly prejudicial because it would have to engage in additional discovery and because South Lyon would have to defend a frivolous suit.

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994). For a motion to be denied, "[t]here must be at least some significant showing of prejudice to the opponent…" *Janikowski*, 823 F.2d at 951.

The Court notes that the discovery deadline passed on March 31, 2015. However, Plaintiff filed this motion on November 19, 2014—well in advance of the discovery cut-off date. Further, trial is not scheduled until almost six months from now on October 5, 2015. Consequently, granting Plaintiff's motion would not result in a significant delay in the proceedings. And Defendant has not set forth facts showing that allowing the amendment would result in the expenditure of *significant* additional resources in discovery or otherwise result in undue prejudice.

Defendant next claims that the Court should deny Plaintiff's motion because an amendment to add South Lyon would be futile. "[A] proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). Defendant contends that the amendment would be futile because Integrity and not South Lyon employed Plaintiff. Further, Defendant points to Plaintiff's termination memorandum, signed solely by Integrity personnel, as evidence that South Lyon had nothing to do with Plaintiff's termination.

Defendant's contention that South Lyon played no role in Plaintiff's termination is unsupported by the record before the Court. As Plaintiff notes, the records shows Ms. Berryman's extensive involvement with the actions that led to Plaintiff's termination. After Plaintiff initially raised her concerns to her direct supervisor at Integrity, she was directed to speak with Berryman. In fact, it was Berryman's assertion that the challenged discharge practice would cease that led Plaintiff to refrain from taking her concerns to the NexCare Compliance Committee. Furthermore, Berryman called the January 9, 2013 meeting between all of the therapists where she warned them to stop speaking with patients about the availability of beds at the facility.

At that meeting, Berryman also told Plaintiff that if she did not get on board with the company's direction, she would need to find a new job. Berryman was also in direct communication with Plaintiff's supervisors at Integrity about the situation

6

and on the day Milgrom suspended Plaintiff, Milgrom sent an email to Berryman reporting that she had done so.

Defendant attempts to diminish Berryman's involvement by pointing to the termination agreement signed solely by Integrity employees. However, the fact that Berryman did not sign the termination agreement does not establish that she had no role in the decision to fire Plaintiff. The record before the Court shows that SLSCRC had a complicated management structure where managers from Integrity, NexCare and South Lyon communicated with each other, and appeared to coordinate their strategy regarding how to respond to Plaintiff's complaints. As such, the Court finds that based on Berryman's documented actions, Defendant has not shown that it would be futile to add South Lyon as a Defendant.

## IV. CONCLUSION

In light of the scant evidence of prejudice or futility from allowing the amendment, the Court adheres to this Circuit's rule of "manifest liberality" in allowing amendments to complaints. Thus, Plaintiff's motion to amend her complaint to add South Lyon as a defendant **IS GRANTED**. Since the discovery deadline has passed, the parties are to stipulate to a reasonable extension to the discovery deadline and provide the joint stipulation to the Court no later than **April 15, 2015**.[2]

---

[22] The parties must also stipulate to any necessary extension in the dispositive motion cut-off date, currently set for May 15, 2015.

**SO ORDERED.**

Dated:  April 7, 2015                    s/Terrence G. Berg
                                          TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE

**Certificate of Service**

    I hereby certify that this Order was electronically submitted on April 7, 2015, using the CM/ECF system, which will send notification to all parties.

                                                      s/A. Chubb
                                                      Case Manager